

222 Delaware Avenue, Suite 1200
Wilmington, DE  19801-1611 U.S.A.
(302) 300-3434
Fax (302) 300-3456

www.btlaw.com

Chad S.C. Stover
Partner
(302) 300-3474
chad.stover@btlaw.com

January 6, 2023

**VIA CM/ECF**
The Honorable Gregory B. Williams
United State District Court for the
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3570

Re:   *Corteva Agriscience LLC v. Monsanto Company, et al.*, C.A. No. 22-1046 (GBW)

Dear Judge Williams:

Plaintiff Corteva Agriscience LLC ("Corteva") respectfully submits this letter pursuant to the Court's December 27, 2022 Order and in response to the January 4, 2023 letter of Defendants Monsanto Co. and Bayer CropScience LP (collectively "Bayer") regarding the proposed scheduling order (D.I. 19).

### I.   Corteva's Disclosure of Its Reasonable Royalty Damages Model Was Sufficient

Bayer fails to identify any deficiency in Corteva's disclosure of its reasonable royalty damages model and identifies no legal support for its argument. First, Bayer contends that the damages issues here "differ from the usual case" because the accused products allegedly will not be marketed before patent expiration. Bayer's factual allegation, however, is belied by its refusal to provide any discovery to date about the status of its infringing products under development or any launch plans. Bayer's suggestion that a marketed product can be needed for damages is also incorrect. While a marketed product may support past lost profits, it is not necessary for a reasonable royalty under 35 U.S.C. § 284. Bayer itself has previously pursued damages based on a reasonable royalty where no product was marketed before patent expiration. *Monsanto Co. v. E.I. DuPont de Nemours & Co.*, C.A. No. 4:09-cv-00686 (E.D. Mo.). Bayer is thus properly on notice of Corteva's reasonable royalty damages model.

Second, Bayer's complaint that Corteva's disclosure was not significantly more than what was pled in the Complaint rings hollow. Five months into this litigation, and more than five weeks since Corteva served its initial document requests and interrogatories immediately after the Rule 26(f) conference, Bayer still has yet to produce any documents or engage in any discovery. Exs. 1, 2.[1] Thus, the factual record is no more developed than when the Complaint was originally filed.

---

[1] Bayer instead requested an extension, which Corteva agreed to in view of the holidays.

Atlanta   Boston   California   Chicago   Delaware   Indiana   Michigan   Minneapolis
New Jersey   New York   Ohio   Philadelphia   Raleigh   Salt Lake City   Texas   Washington, D.C.

Third, Bayer acknowledges that the *Georgia-Pacific* factors provide a known framework for evaluating the hypothetical negotiation for determining a reasonable royalty. But Bayer identifies no authority requiring a detailed *Georgia-Pacific* analysis at this stage of the case. This Court has recognized that a patentee's disclosure of its damages model at this very early stage need not be extensive, and Bayer fails to identify what information is lacking or would otherwise make the identification complete. *See Integra Lifesciences Corp. v. Hyperbranch Medical Technology Inc.*, No. CV 15-819-LPS-CJB, 2017 WL 11558096, at *5 (D. Del. Dec. 11, 2017) (crediting "admittedly sparse" damages model disclosure as providing sufficient notice). Moreover, there will be ample opportunity for more detailed discovery responses on damages as this case progresses, including after Bayer provides meaningful discovery.

Finally, Bayer's assertion that Corteva's damages model is "essential to frame . . . discovery" is incorrect. D.I. 21 at 1. For example, Bayer provides no reason why a dispute about Corteva's damages model should hold up Bayer's production of its core technical documents and the subsequent disclosures of initial infringement and invalidity contentions. There are no further 30-day exchanges in the schedule that depend on the damages model, and, in any event, Bayer will apparently be disclosing no sales figures due to the absence of marketed products.

## II. The Parties' Disclosures Need Not Be Delayed Based on the Rule 16 Conference

Contrary to Bayer's assertions, neither the Court's model Scheduling Order nor the Default Standard requires a Rule 16 conference to occur before the parties can begin their exchanges of 30-day disclosures. D.I. 21 at 2. The Default Standard, for example, provides only a *final* deadline for the plaintiff to identify the accused products and asserted patents: 30 days after the Rule 16 conference. Default Standard ¶ 4(a). It nowhere prohibits an *earlier* identification, particularly where, as here, the defendants have already answered the complaint, no motions are pending, and discovery is thus ready to begin.

Moreover, the defendants' deadline to produce their core technical documents contains no reference to the Rule 16 conference at all. *Id.* ¶ 4(b). The defendants' 30-day deadline is only tied to receipt of the plaintiff's ¶ 4(a) disclosures. *Id.*; *see also AbbVie Inc. et al. v. Dr. Reddy's Lab'ys, Ltd.*, No. 20-00968, D.I. 31 at ¶ 8 (D. Del. April 21, 2021) (keying defendants' disclosures on receipt of plaintiffs' disclosures). Bayer does not identify any reason or argument for why it could not have produced its core technical documents within 30 days of Corteva's disclosure of accused products, or any benefit to the parties or the Court from delaying this discovery until after the Rule 16 conference. The parties should be moving this case forward without repeatedly wielding the Rule 16 conference as an excuse for delay. Ex. 3 (Bayer citing the absence of a Rule 16 conference to delay the Rule 26(f) conference).

## III. Depositions Should Be Limited to the Standard 7-Hour Limit Absent Good Cause

Corteva's proposed 7-hour deposition limit is consistent with Rule 30(d)(1). Bayer correctly notes that time limits for depositions may be increased upon a showing of good cause, but Bayer has not shown good cause to extend any deposition to 14 hours in this case. *See Beneville v. Pileggi*, No. CIV.A. 03-474 JJF, 2004 WL 1631358, at *1 (D. Del. July 19, 2004) (good cause could be present where "a witness requires an interpreter, the examination covers events occurring over a long period of time or extensive documents, if multiple parties are deposed, or if someone impedes or delays the examination") (citations omitted). Bayer's examples of the Court permitting

14-hour inventor depositions are irrelevant, as in those cases the parties jointly proposed the increased time limits. Exs. 4, 5.

Bayer also fails to support its assertion that activities during prosecution of the '555 patent warrant 7 additional hours of deposition testimony. It is not uncommon for inventors to submit declarations during prosecution. Bayer also omits that the two inventor declarations in this case relate to the same or similar issues and together amount to 34 pages—10 pages of which are copies of the respective claim sets pending at the time. These short, overlapping declarations do not establish good cause for extended deposition limits for any of Corteva's four inventors. Nor does good cause exist based on the fact that the '555 patent stems from a continuing application that presented broader claims (a common practice) or based on the examiner's requirement that Corteva amend the specification during prosecution (hardly a unique circumstance). *See Hakim v. Cannon Avent Grp., PLC*, 479 F.3d 1313, 1317 (Fed. Cir. 2007) (recognizing that "continuing applications may present broader claims than were allowed in the parent"); M.P.E.P. § 608.01(o) (expressly providing for the type of specification amendment the examiner required).

If, upon deposing an inventor, Bayer believes it needs additional time "to fairly examine the deponent," Corteva will consider a reasonable request for additional time. *See* Fed. R. Civ. P. 30(d)(1). But Bayer's proposed fishing expedition based on routine patent office practice and 34 pages of inventor declarations does not amount to good cause for increasing the 7-hour limit.

### IV. The Court Should Adopt Corteva's Earlier Fact Discovery Cutoff Date

Corteva proposed a reasonable schedule for this straightforward patent infringement case involving limited issues and no counterclaims. Bayer's proposed 33-month schedule is an inappropriate attempt to avoid Corteva's injunction demand by running out the term of the patent. As Bayer notes, absent patent term adjustment, the '555 patent would expire in May 2025—precisely when Bayer proposes having trial—limiting any meaningful injunctive relief.

Bayer's concern that fact discovery would close and a *Markman* hearing would be held in "less than six months" is a product of its own delay. This case did not just start; Corteva filed its Complaint nearly five months ago. While Corteva timely requested a Rule 26(f) conference on October 19, Bayer used the absence of a Rule 16 conference as an excuse to delay the Rule 26(f) conference. Ex. 3. Bayer then delayed another five weeks until finally agreeing to hold a Rule 26(f) conference on November 29. Corteva timely served its first sets of document requests and interrogatories the next day; Bayer, on the other hand, has chosen to serve no discovery requests at all for the last five weeks. Bayer's delays and inaction undercut its claim of prejudice. Nevertheless, Corteva is willing to reasonably extend its proposed dates for the close of fact discovery and deadlines related to claim construction, which would still be consistent with a trial date in mid-2024.

The '555 patent reexamination request is also irrelevant to the timing of this case. The only proposed rejection raised by the request was obviousness-type double patenting, which can be overcome at any time with a terminal disclaimer. Notably, a terminal disclaimer would remove the granted patent term adjustment, setting the '555 patent's expiration date as of Bayer's proposed May 2025 trial date, further highlighting why Bayer's extended case schedule should be rejected.

Corteva thus respectfully requests that the Court adopt its proposals in the scheduling order.

                              Respectfully submitted,

                              Chad S.C. Stover (No. 4919)

cc: Counsel of Record (via CM/ECF)