IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORTEVA AGRISCIENCE LLC,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY and<br>BAYER CROPSCIENCE LP,<br><br>Defendants. | Civil Action No. 22-1046-GBW |

## MEMORANDUM ORDER

Presently before this Court is Defendants' Monsanto Company ("Monsanto") and Bayer Cropscience LP ("Bayer") (collectively, "Defendants") Motion to Stay Pending *Ex Parte* Reexamination Proceeding (the "Motion to Stay"), D.I. 40. The Court has reviewed the parties' briefing, D.I. 41, D.I. 51, D.I. 54. For the reasons below, the Court denies Defendants' Motion to Stay, D.I. 40.

### I. BACKGROUND[1]

On August 9, 2022, Plaintiff Corteva Agriscience LLC ("Corteva") filed this action by filing the Complaint, D.I. 1, alleging infringement of U.S. Patent No. 10,947,555 ("the '555 patent"). *See generally* D.I. 1. Corteva filed its First Amended Complaint on April 21, 2023. D.I. 64. The '555 Patent is directed to transgenic plant cells that are resistant to certain herbicides. D.I. 1 ¶¶ 2-4; D.I. 64 ¶¶ 2-4. The Complaint asserts that Defendants are wholly owned by Bayer AG and part of its Crop Science Division and "are engaged in developing,

---

[1] The Court writes for the benefit of the parties and assumes their familiarity with this action.

producing, and selling crop seeds and plants, including herbicide-resistant transgenic plants" that utilize the patented technology. D.I. 1 ¶ 10; D.I. 64 ¶ 10.

On September 30, 2018, Defendants filed their Answer.[2] D.I. 14. A third party, Inari Agriculture Inc. ("Inari"), filed a request for *ex parte* reexamination of the '555 patent with the United States Patent and Trademark Office ("USPTO") on November 11, 2018. D.I. 41 at 5, Ex. 2. A Scheduling Order was entered by this Court on January 20, 2023. D.I. 25. Later that same month, the USPTO granted Inari's request for reexamination. D.I. 41 at 14, Ex. 1. Defendants filed the present motion on March 3, 2023. D.I. 40.

## II. LEGAL STANDARD

A court has discretionary authority to grant a motion to stay. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts generally consider three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)).

## III. DISCUSSION

Defendants move for a stay of this litigation pending resolution of an *ex parte* reexamination proceeding concerning the '555 patent. D.I. 40. The Court finds, on balance, the factors do not weigh in favor of a stay.

---

[2] This Court ordered a Stipulation to Extend Time for Defendants to answer, move or otherwise respond to the Complaint by September 30, 2018. D.I. 11.

The first factor—whether granting the stay will simplify the issues for trial—disfavors a stay. Defendants assert a stay would simplify the case. First, Bayer claims it will agree to not argue that the '555 Patent is invalid for obvious-type double patenting ("OTDP") on the basis of U.S. Patent No. 11,149,283 ("the '238 patent") and that dropping this argument will simplify the issues for trial. D.I. 41 at 9. However, Defendants recognize that Corteva can overcome the OTDP argument if Corteva files a terminal disclaimer.[3] *Id.* at 9-10. Because it is likely that this OTDP argument will not make it to trial anyway, the Court does not find that Bayer's offer to drop the argument will simplify the case.

Second, Bayer asserts that the results of the reexamination will likely simplify the issues as the claims of the '555 patent may change or be cancelled altogether. D.I. 41 at 10-12. The *ex parte* reexamination was instituted on January 31, 2023, as to most, but not all, of the asserted claims. *Compare* D.I. 41, Ex. 1 at 5 (USPTO order granting reexamination of claims 1-3 and 5-34 of the '555 patent) *with* D.I. 51, Ex. F at 2 and 5 (Corteva's Initial Infringement Contentions asserting infringement of claim 4 of the '555 patent). Defendants argue that this case should be stayed because "[o]therwise, the Court and Bayer will be forced to expend resources litigating this action while the Patent Office simultaneously reexamines the only patent asserted in this case." D.I. 41 at 1. This is no longer accurate—on April 17, 2023, the parties filed a Stipulation and Proposed Order for Leave to File First Amended Complaint and to Amend Scheduling

---

[3] Corteva explains that it has not filed a terminal disclaimer because the legal question of whether an earlier-filed, earlier issued parent patent can be challenged for obviousness-type OTDP based on an earlier expiring child patent is currently on appeal. D.I. 51 at 6 (citing *In re: Cellect, LLC*, Appeal No. 22-1293 (Fed. Cir.)). Corteva has not represented that it will definitively not be filing a terminal disclaimer.

Order.[4] D.I. 62. The Amended Complaint "adds two additional asserted patents (U.S. Patent No. 11,149,283) and U.S. Patent No. 11,299,745)". *Id.* at 1; *see also* D.I. 64.

The second factor—the status of the litigation—neither favors nor disfavors a stay. On one hand, the parties are in the middle of discovery and a trial date has already been set. D.I. 25; D.I. 62. On the other hand, the case is still in its early stages—the parties have not begun expert discovery, the claim construction briefing is not due for a few months, and the trial is set for July 2024. *Id.*

The third factor—whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage—disfavors a stay. In evaluating undue prejudice and whether a tactical advantage is gained, courts consider (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties. *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019). A third-party requested the review, not Defendants. The USPTO granted the third-party request for reexamination on January 31, 2023. D.I. 41, Ex. 1. Defendants filed for a stay on March 3, 2023. D.I. 40. While Defendants did not request the review, the timing of a stay would unduly prejudice the Plaintiff. Plaintiff expresses a legitimate concern that staying the case could delay the trial date until after the '555 patent has expired and prevent Plaintiff from obtaining injunctive relief. D.I. 51 at 17. Finally, Bayer and Plaintiff are direct competitors, which weighs against entering a stay. *Cooper Notification, Inc. v. Twitter, Inc.*, No. CIV. 09-865-LPS, 2010 WL 5149351, at *5 (D. Del. Dec. 13, 2010) ("Courts are reluctant to stay proceedings where the parties are direct competitors.").

---

[4] This Court entered the Stipulation on April 21, 2023.

Thus, because on balance the factors weigh against a stay, Defendants' Motion to Stay is DENIED.

## IV. CONCLUSION

Therefore, at Wilmington this 27th day of April 2023, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay, D.I. 40, is **DENIED**.

GREGORY B. WILLIAMS<br>
UNITED STATES DISTRICT JUDGE