IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORTEVA AGRISCIENCE LLC,<br><br>               Plaintiff,<br><br>     v.<br><br>MONSANTO COMPANY and<br>BAYER CROPSCIENCE LP,<br><br>               Defendants. | Civil Action No. 22-1046-GBW |

## MEMORANDUM ORDER

Plaintiff Corteva Agriscience LLC ("Plaintiff" or "Corteva") and Defendants Monsanto Company and Bayer Cropscience LP (collectively, "Defendants") filed a joint letter seeking the Court's guidance on multiple discovery disputes. D.I. 190. Having reviewed the parties' letter briefing, D.I. 197, D.I. 198, D.I. 200, D.I. 201, IT IS HEREBY ORDERED THAT:

1. Plaintiff Corteva's request that Defendants supplement their responses to Interrogatory Nos. 8, 9, and 11 is DENIED. Defendants have shown that they already supplemented their responses. Furthermore, the individual documents Plaintiff sought were either produced already or were produced with Defendants' letter. *See* D.I. 200.

2. Plaintiff Corteva's request that Defendants supplement their response to Interrogatory No. 13 is GRANTED. In determining whether discovery of unaccused products is appropriate, courts should consider "(1) [] relevance, the specificity with which the plaintiff has articulated how the unaccused products are relevant to its existing claims of infringement (and how they are thus 'reasonably similar' to the accused products at issue

1

in those claims); (2) whether the plaintiff had the ability to identify such products via publicly available information prior to the request and (3) the nature of the burden on defendant(s) to produce the type of discovery sought." *Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 282 (D. Del. 2012). Plaintiff has shown that the discovery sought is for products "reasonably similar" to the accused products, i.e., products that are transformed with a gene expressing an FT Enzyme. D.I. 197 at 3. Defendants admit that such information is not publicly available, see D.I. 200 at 4, and do not assert that providing the discovery would be burdensome.

3. Defendants' request that Plaintiff supplement its initial disclosures is GRANTED. To satisfy Rule 26(e)(2), a plaintiff "must disclose a computation of each category of damages using the 'best information available' at the present time, and supplement that information as it becomes available." *Koninklijke Philips Elecs. N.V. v. ZOLL LifeCor Corp.*, C.A. No. 12-1369, 2017 WL 4764670, at *2 (W.D. Pa. Oct. 20, 2017). Plaintiff argued that supplementation was dependent on information in Defendants' possession and specifically referred to Interrogatory No. 13. D.I. 201 at 2. As this Court has granted Plaintiff's request that Defendants supplement their response to Interrogatory No. 13, Plaintiff should then supplement its initial disclosures accordingly.

4. Defendants' request that Plaintiff supplement its responses to Interrogatory Nos. 8, 9 and 29 is GRANTED-IN-PART and DENIED-IN-PART. At this time, Plaintiff need not provide an actual final calculation of damages in response to these portions of the interrogatories. *See, e.g., In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, C.A. No. 09-MD-2118-SLR, 2013 WL 12291705, at * 1 (D. Del. Oct. 22, 2013) ("The final calculation of damages is properly the subject of expert

opinion"). However, to the extent that Interrogatory Nos. 8, 9 and 29 seek factual information and documents, Defendants are entitled to such information. *Pers. Audio, LLC v. Google LLC*, C.A. No. 17-1751-CFC-CJB, 2018 WL 4502002, at *2 (D. Del. Sept. 20, 2018).

Date: October 18, 2023

                                                       GREGORY B. WILLIAMS
                                                      UNITED STATES DISTRICT JUDGE